**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-3197
_____

BARBARA ANNE CLARK

v.

HOSPITAL OF THE UNIVERSITY OF PENNSYLVANIA; PENN MEDICINE
ORTHOPEDICS; BETTY S ALDER, INSURANCE ATTORNEY
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2:24-cv-02970)
District Judge: Honorable John F. Murphy
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 7, 2025
Before: KRAUSE, PHIPPS, and ROTH, <u>Circuit</u> <u>Judges</u>

(Opinion filed: June 9, 2025)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Barbara Anne Clark, proceeding pro se, appeals the District Court's November 5, 2024 Order dismissing her complaint for lack of subject-matter jurisdiction. We will affirm the Court's order.

In 2023, Clark filed a complaint against the named defendants, alleging they had, over a period of several years, committed medical malpractice in the treatment of her left foot, causing her lasting injuries and significant pain and suffering. After being served and entering an appearance, the defendants moved to dismiss the complaint for lack of subject-matter jurisdiction. After receiving briefing and hearing oral argument on the matter, the District Court granted the defendants' motion under Federal Rule of Civil Procedure 12(b)(1) and dismissed Clark's complaint without prejudice. The District Court determined that the parties were all domiciled in Pennsylvania and therefore not diverse for purposes of federal jurisdiction under 28 U.S.C. § 1332(a)(1), and that Clark had failed to invoke federal jurisdiction under 28 U.S.C. § 1331 because her claims arose under state law. Clark now appeals, and also seeks a default judgment against the appellees for their alleged failure to timely respond in the District Court.

We have jurisdiction under 28 U.S.C. § 1291. Dismissals under Rule 12(b)(1) are reviewed de novo. See Taliaferro v. Darby Twp. Zoning Bd., 458 F.3d 181, 188 (3d Cir. 2006). In reviewing a dismissal under Rule 12(b)(1), we review only whether the well-pleaded allegations on the face of the complaint, taken as true, allege facts sufficient to invoke the subject-matter jurisdiction of the District Court. Id.

2

We agree that the District Court correctly granted the motion to dismiss for lack of subject-matter jurisdiction. Nothing in Clark's filings with this Court meaningfully addresses the District Court's conclusion that her complaint failed to establish subject-matter jurisdiction, either by diversity or federal question. She cannot establish diversity jurisdiction, as her complaint expressly pleads that all parties are domiciled in Pennsylvania and that all relevant medical treatment occurred within the state. Johnson v. SmithKline Beecham Corp., 724 F.3d 337, 346 (3d Cir. 2013) (stating that complete diversity means that "no plaintiff can be a citizen of the same state as any of the defendants" (quotation marks omitted)). Nor did she plead federal question jurisdiction. Her complaint solely alleged a state-law medical-malpractice claim. While she argues on appeal that she has established federal question jurisdiction based on her right to petition the federal judiciary under the First Amendment of the Constitution, she did not plead a First Amendment claim. See Taliaferro, 458 F.3d at 188; see generally Patchak v. Jewell, 828 F.3d 995, 1004 (D.C. Cir. 2016) (explaining that "the right to access federal courts is subject to Congress's Article III power to define and limit the jurisdiction of the inferior courts of the United States"). As a result, Clark's complaint failed to establish that the District Court possessed subject-matter jurisdiction, and the District Court correctly granted defendants' motion to dismiss on those grounds.

Clark has also filed a motion in this Court in which she requests that a default judgment be entered against the appellees for their alleged failure to respond to her initial

3

complaint within 21 days. Fed. R. Civ. P. 12(a)(1)(A)(i). A motion for a default judgment should be filed in the District Court, not the Court of Appeals, see Fed. R. Civ. P. 1, 55, and in any event, the defendants entered an appearance and filed their motion seeking dismissal for lack of subject-matter jurisdiction within 21 days of service, as required by Rule 12. Fed. R. Civ. P. 12(a)(1)(A)(i).

For these reasons, the District Court's judgment will be affirmed. Clark's motion for a default judgment is denied.